IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW SULLIVAN,
No. 15791-026,

      Petitioner,

vs.

Case No. 17–cv–640-DRH

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

*Pro se* Petitioner Matthew Sullivan, currently incarcerated in the United States Penitentiary at Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Relying on the recent case of *Mathis v. United States*, ––– U.S. –––, 136 S. Ct. 2243 (2016) and other recent decisions, he argues that his prior Illinois state convictions should not have been used to impose an enhanced sentence under the career offender sentencing guidelines.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b).

## BACKGROUND

On March 6, 2014, Petitioner entered into a plea agreement in which he pled guilty to 21 U.S.C. 846, 841(a)(1), and 841(b)(1)(A) for Conspiracy to Manufacture, Distribute, and Possess with the Intent to Distribute more than 280 grams of cocaine base. *See* Case No. 4:12-cr-10115-JES-JEH-1 ("Criminal Case"). On July 11, 2014, Petitioner was sentenced to 312 months' imprisonment. *Id.* at Doc. 171.

In the Criminal Case, Petitioner was sentenced as a career offender pursuant to the United States Sentencing Guidelines (USSG) at § 4B1.1. (Doc. 1, p. 5). The sentencing enhancement was based on the fact that Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense, which Petitioner identifies as Unlawful Delivery of a Controlled Substance (720 ILCS 570/401(c)), Possession of a Controlled Substance with Intent to Deliver (720 ILCS 570/401(b)), and Aggravated Fleeing and Alluding a Peace Officer (Section 11-204.1 of the Illinois Vehicle Code). (Doc. 1, pp. 3, 11, 25, 38).

Petitioner did not appeal his sentence. On July 8, 2015, Petitioner filed a motion under 28 U.S.C. § 2255 challenging his sentence in light of *Freeman v. United States*, 131 S. Ct. 2685 (2011). *See* Case No. 1:15-cv-01280-JES. Petitioner's § 2255 Petition was dismissed. *Id.* at Doc. 10.

## Discussion

A prisoner may employ § 2241, as opposed to § 2255, to challenge his federal conviction or sentence under very limited circumstances. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Here, Petitioner argues that, in light of *Mathis* and related authority, his prior Illinois convictions do not qualify as predicate offenses for a career-criminal enhancement. (Doc. 1, pp. 11-39). Petitioner asks the Court to remove his "'career offender' status" so that he may be resentenced without the career offender enhancement. (Doc. 1, p. 39).

As the undersigned has explained in a number of prior decisions, this type of challenge facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e). *See e.g., Hoskins v. Werlich,* No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Warren v. Werlich,* No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017); *Davis v. USA,* 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Wadlington v. Werlich,* No. 17-cv-4499-DRH (S.D. Ill. July 17, 2017). However, as the Court has previously noted, *Mathis* involved the Armed Career

3

Criminal Act and not the federal sentencing guidelines. *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). Thus, the *Mathis* decision may or may not be applicable to Petitioner's sentence, where the sentencing enhancement was determined based on the advisory sentencing guidelines and not the ACCA statute.[1]

Nonetheless, given the limited record before the Court and the still-developing application of the *Mathis* decision, it is not plainly apparent that Petitioner is not entitled to habeas relief. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Therefore, the Court finds it appropriate to order a response to the Petition.

## **Respondent**

Petitioner has named the United States of America as the respondent in this action. However, in a habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the person who has custody over the applicant); *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948–49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir.1996).

---

[1] The Supreme Court recently held that the residual clause in USSG § 4B1.2(a) was not subject to a vagueness challenge, distinguishing the situation where a sentence was based on the advisory guidelines from a sentence imposed under the residual clause of the ACCA statute. *Beckles v. United States*, —— U.S. ——, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017) (distinguishing *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015)).

4

Accordingly, the **CLERK** is **DIRECTED** to terminate the United States of America as the respondent in this action, and add the Warden, United States Penitentiary–Marion as the respondent. *See* Fed. R. Civ. P. 21; Fed. R. Civ. P. 17(d). In any future documents filed in this case, Petitioner shall identify the Warden by his or her proper name.

## Disposition

**IT IS HEREBY ORDERED** that Respondent Warden, United States Penitentiary–Marion shall answer or otherwise plead within thirty days of the date this order is entered (on or before September 20, 2017).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated: August 21, 2017**

Judge Herndon
2017.08.21 14:25:20 -05'00'

**United States District Judge**