IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW SULLIVAN,

    Petitioner,

vs.                                                      Civil No. 17-cv-640-DRH-CJP

B. TRUE, Warden, U.S. Penitentiary-Marion,

    Respondent.

## MEMORANDUM and ORDER

Petitioner Matthew Sullivan filed a petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016). Now before the Court is Respondent's Motion to Dismiss, Doc. 7. Petitioner responded to the motion at Doc. 10.

Respondent argues that the petition must be dismissed because petitioner waived his right to file a collateral attack in his plea agreement.

## Relevant Facts and Procedural History

Pursuant to written plea agreement, Sullivan pleaded guilty to one count of conspiracy to manufacture, distribute and possess with intent to distribute more than 280 grams of crack cocaine in the Central District of Illinois. *United States v. Sullivan*, Case No. 12-cr-10115-JES. The agreement provided that he would be sentenced to 312 months imprisonment. Plea Agreement, Doc. 7, Ex. 1.[1]

---

[1] The Court uses the document, exhibit and page numbers assigned by the CM/ECF filing system.

1

Before the plea agreement was entered into, the government filed notice of its intent to seek an enhanced sentence pursuant to 21 U.S.C. § 851. The notice cited two prior conviction for felony drug offenses, which meant that petitioner was facing a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). Case No. 12-cr-10115-JES, Doc. 41. In the plea agreement, the government agreed to withdraw the § 851 notice and to rely on only one of petitioner's prior convictions to enhance his sentence. Ex. 1, ¶8. Using only one prior conviction resulted in a statutory sentence range of 20 years to life imprisonment. At sentencing, the court found petitioner to be a career offender and calculated the advisory Guidelines range as 360 months to life. However, in accordance with the plea agreement, the court sentenced petitioner to 312 months. Transcript of Sentencing Hearing, Case No. 12-cr-10115-JES, Doc. 251, pp. 43-44.

The plea agreement also contained a waiver of the right to appeal or file a collateral attack:

> 12. The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understand that such an attack is usually brought through a motion pursuant to 28 U.S.C. § 2255. The defendant and the defendant's attorney have together reviewed § 2255, and the defendant understands his rights under this statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence with one exception: <u>the defendant may raise on collateral attack only those discrete claims which relate directly to the negotiation of this waiver.</u>

Ex. 1, pp. 4.

Petitioner filed a motion under 28 U.S.C. § 2255 arguing that his guilty plea was not knowing and voluntary because of his counsel's ignorance of relevant law. The court denied the motion, finding that counsel had not been ineffective and that his guilty plea was valid. The court also denied a certificate of appealability. Doc. 7, Ex. 3.

**Analysis**

Ostensibly relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), Sullivan argues that his two prior convictions for drug offenses under Illinois law do not qualify as controlled substance offenses for purposes of the career offender enhancement under U.S.S.G. § 4B1.1.[2] This argument would likely fail under *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017), holding that a conviction for violation of 720 ILCS 570/401 is a "controlled substance offense" for purposes of the career offender Guideline. However, it is unnecessary to decide the substantive merits of his argument because the petition must be dismissed for several other reasons.

First, although petitioner was found to be a career offender, he was not sentenced in accordance with the career offender Guidelines range. His advisory Guidelines range was 360 months to life, but he was sentenced to 312 months in accordance with his plea agreement.

Secondly, even if he were sentenced pursuant to the Guidelines, he could not bring a *Mathis* claim in a § 2241 petition. There are some errors that can be

---

[2] Petitioner also disputes the use of a third conviction as a crime of violence, but U.S.S.G. § 4B1.1 requires only two prior convictions.

raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. Sullivan was sentenced in 2014, long after the Supreme Court declared the Sentencing Guidelines to be merely advisory and not mandatory. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

Petitioner acknowledges *Hawkins*, but argues that the later cases of *Peugh v. United States*, 133 S. Ct. 2072 (2013) and *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), undermine *Hawkins*' conclusion that the Guidelines are merely advisory. See, Doc. 10, p. 15. He is incorrect. In its opinion supplementing *Hawkins* on denial of rehearing, the Seventh Circuit explained why *Peugh* did not cause it to reconsider the outcome. Among those reasons is that *Peugh* involved a constitutional error (violation of the *ex post facto* clause) and *Peugh* was a direct appeal, not a collateral attack. *Hawkins*, 724 F.3d at 916. *Molina-Martinez* concerned the proper standard for review on direct appeal of unpreserved error in calculating a Guidelines range. *Molina-Martinez*, 136 S. Ct. at 1349. That case does not in any way invalidate the holding of *Hawkins*.

Earlier this month, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, ___ F.3d ___, 2017 WL 6379634 (7th Cir. Dec. 14, 2017). Petitioner's argument to the contrary is rejected.

Lastly, this collateral attack is barred by the waiver in the plea agreement.

There is no doubt that a plea agreement may include a valid waiver of the right to appeal and to file a collateral attack, and that such waivers are generally enforceable, with limited exceptions. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016). The limited exceptions are where the plea agreement itself was involuntary, the defendant argues ineffective assistance of counsel with regard to the negotiation of the plea, the sentencing court relied on a constitutionally impermissible factor such as race, or the sentence exceeded the statutory maximum. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). A waiver of the right to bring a collateral attack on a conviction or sentence bars a §2241 petition; the waiver does not make the remedy afforded by §2255 inadequate or ineffective so as to open the door to a § 2241 petition. *Muse v. Daniels*, 815 F.3d 265, 266 (7th Cir. 2016). Further, a subsequent change in the law does not render an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

Petitioner challenged the validity of the plea agreement in his § 2255 motion. The Central District determined that he did not receive ineffective

5

assistance of counsel and that the plea was knowing and voluntary. Doc. 7, Ex. 3. Petitioner cannot relitigate that issue here.

The Seventh Circuit has enforced appeal waivers against challenges to career offender designations. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014); *United States v. McGraw*, 571 F.3d 624 (7th Cir. 2009); *United States v. Standiford*, 148 F.3d 864 (7th Cir. 1998).

Petitioner argues that his waiver is not enforceable because he cannot have anticipated the *Mathis* decision and could not have knowingly waived his right to raise an issue he was not aware of. That kind of argument was rejected in *McGraw*. There, the defendant argued that the convictions used categorize him as a career offender no longer constituted crimes of violence after *Begay v. United States*, 128 S.Ct. 1581 (2008). The Seventh Circuit enforced the waiver, noting that "We have consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *McGraw*, 571 F.3d at 631.

Petitioner also argues that he agreed to waive only his right to bring a collateral attack under § 2255, leaving him free to bring a § 2241 petition. He points out, correctly, that the agreement explicitly cites § 2255 but not § 2241. That fact is not dispositive. The agreement recites that a collateral attack is "usually brought" by a § 2255 motion. More importantly, however, the language of the waiver is not limited to the right to bring a § 2255 motion. The agreement states that petitioner "knowingly and voluntarily waives his right to collaterally

6

attack the conviction and/or sentence with one exception: <u>the defendant may raise on collateral attack only those discrete claims which relate directly to the negotiation of this waiver.</u>" Doc. 7, Ex. 1, p. 4.  Thus, petitioner waived not only the right to bring a § 2255 motion, but the right to bring a collateral attack of any kind except a claim related directly to the negotiation of the waiver.  The waiver includes the habeas petition filed here.

As a fallback position, petitioner argues that a "due process" exception to waivers allows him to bring his *Mathis* claim.  He cites *United States v. Adkins*, 743 F.3d 176 (7th Cir. 2014), but that case does not support his argument.  There, the Seventh Circuit permitted a defendant to challenge some of the conditions of his supervised release as unconstitutionally vague despite his waiver of appellate rights.  That case was a direct appeal, and not a collateral attack, and has nothing at all do with the career offender Guideline.  That case did not, as petitioner argues, create a general "due process" exception to waivers:

> We pause to emphasize the narrowness of our holding. It remains the case that plea agreements are typically enforceable and that contractual principles generally apply. Nor is there a general constitutional-argument exception to waivers in plea agreements.

*Adkins*, 743 F.3d at 193 [internal quotation marks omitted].

Petitioner cites *Jordan v. United States*, 2016 U.S. Dist. Lexis 155342, at page 8 of his response, suggesting that the Seventh Circuit "applied the principles in *Adkins*" to permit a defendant to bring a vagueness challenge to a career offender designation.  He is completely wrong.  His citation is to an order by the district court on a motion for bond pending resolution of a § 2255 motion.

7

*Jordan v. United States*, No. CV 15-02294, 2016 WL 6634854 (C.D. Ill. Nov. 1, 2016). Furthermore, the Supreme Court has held that the advisory Guidelines are not subject to a due process vagueness challenge. *Beckles v. United States*, 137 S. Ct. 886 (2017). Therefore, petitioner cannot bring the kind of due process challenge that was permitted in *Adkins*.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 7) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.27
13:23:31 -06'00'

**United States District Judge**

8

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).